IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES RAYMOND BORCHERT, | ) |
| | ) Civil Action No. 11 - 741 |
| Petitioner, | ) |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) |
| SUPERINTENDENT BRIAN COLEMAN; | ) |
| THE DISTRICT ATTORNEY OF THE | ) |
| COUNTY OF BUTLER COUNTY; and | ) |
| WILLIAM H. RYAN, | ) |
| | ) |
| Respondents. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus be dismissed without prejudice and that a certificate of appealability be denied.

**II.  REPORT**

Petitioner, James Raymond Borchert, a state prisoner confined in the State Correctional Institution at Fayette, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the Petition should be dismissed without prejudice in accordance with the Rules Governing Habeas Corpus Cases Under Section 2254 Cases because Petitioner must exhaust his claims by pursuing his available post conviction remedies in the Pennsylvania state courts.

A. Relevant Procedural History

Public records reveal the following.  On August 14, 2007, Esther Borchert, 42, and her boyfriend Lonnie Schwab told Petitioner, her husband, that they were having an affair and that Esther wanted a divorce.  Petitioner then shot them both to death and called 911 to confess his crimes.  On October 14, 2008, Petitioner was found guilty of both murders.  Petitioner filed a timely

Notice of Appeal and on December 21, 2009, the Superior Court of Pennsylvania affirmed his judgment of sentence in a memorandum opinion. The Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal on November 24, 2010.

Petitioner filed his federal Petition for Writ of Habeas Corpus in this Court on June 6, 2011. In his Petition, he raises claims of ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.

## B. Exhaustion Requirement

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal relief. This exhaustion requirement serves to protect the interest of comity, which ensures that the state courts have the first opportunity to address and correct violations of state prisoners' federal rights. Rose v. Lundy, 455 U.S. 509, 518 (1982); Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). Accordingly, before a federal court addresses the merits of a state prisoner's claims, constitutional and federal law issues first must have been fairly presented to the state courts through direct appeal, collateral review, state *habeas* proceedings, *mandamus* proceedings, or other available procedures for judicial review. *See, e.g.*, Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). In addition, the exhaustion requirement requires a petitioner to present his claims to all levels of the state courts. Thus, a petitioner must have presented every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion will be considered satisfied. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The petitioner has the burden of establishing that exhaustion has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v.

Ryan, 835 F.2d 506, 508 (3d Cir. 1987). A Petitioner shall <u>not</u> be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure. 28 U.S.C. § 2254(c).

In the case at bar, Petitioner complains that he received ineffective assistance of counsel. In <u>Commonwealth v. Grant</u>, 572 Pa. 48, 813 A.2d 726 (Pa. 2002), the Supreme Court of Pennsylvania announced, as a general rule, that claims of ineffective assistance of counsel should be raised for the first time in a collateral proceeding. Because Petitioner's conviction postdates <u>Grant</u>, all of his issues of ineffective assistance must be presented to the Pennsylvania state courts through a petition for relief filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat.§ 9541, *et seq*.

Before exhaustion of state remedies will be excused by a federal habeas court, state law clearly must foreclose state court review of unexhausted claims. <u>Toulson v. Beyer</u>, 987 F.2d 984 (3d Cir. 1993). Here, Pennsylvania law clearly allows Petitioner to file a post conviction petition. In this regard, the Pennsylvania Post Conviction Relief Act has a time limitation period. *See* 42 Pa. Cons. Stat. § 9545(b). A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petitioner alleges and proves that one of the exceptions to the time for filing the petition, as set forth in 42 Pa. Cons. Stat. § 9545(b)(1)(i), (ii), and (iii), is met. *See* <u>Commonwealth v. Gamboa–Taylor</u>, 562 Pa. 70, 76, 753 A.2d 780, 783 (2000).[1] A judgment becomes "final" for purposes of filing a PCRA petition at the conclusion of direct review, including discretionary review to the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

---

1. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Id*. at 76, 753 A.2d at 783.

42 Pa. Cons. Stat. § 9545(b)(3). The timeliness requirements of the PCRA are jurisdictional in nature. Commonwealth v. Ortiz, 17 A.3d 417, 420 (Pa. Super. 2011).

In the instant action, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal in his direct appeal on November 24, 2010. Consequently, Petitioner's conviction became "final" on or about February 22, 2011, *i.e.*, the date of the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. Thus, Petitioner has one year from that date, *i.e.*, until February 21, 2012 to file a PCRA petition in the Pennsylvania state courts.

Moreover, Pennsylvania law provides for the appointment of counsel to enable a Petitioner to pursue his post conviction claims. Thus, after Petitioner files his *pro se* PCRA petition, he may seek appointment of counsel to assist him in presenting his claims.

The exhaustion requirement requires this Court to give state courts the first opportunity to "consider allegations of legal error without interference from the federal judiciary." Doctor, 96 F.3d at 683 (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986). The United States Court of Appeals for the Third Circuit repeatedly has required Pennsylvania prisoners to attempt to exhaust their state remedies before allowing federal habeas court review. In Banks v. Horn, 126 F.3d 206, 213, (3d Cir. 1997), the court stated that, even in questionable cases, it is better that the state courts make the determination of whether the state will address the merits of a petitioner's claim. Also, in Lambert v. Blackwell, 134 F.3d 506 (3rd Cir. 1997), as amended (Jan. 16, 1998), rehearing and suggestion for rehearing in banc denied, (Jan. 26, 1998), the Court of Appeals held that the district court lacked authority to consider the merits of the petitioner's unexhausted claims. In so holding, the court concluded that collateral review of the petitioner's unexhausted claims was not so clearly foreclosed

under Pennsylvania's Post Conviction Relief Act such that further state proceedings could be deemed futile. *Id.*, 134 F.3d at 516. *See also* <u>Christy v. Horn</u>, 115 F.3d 201 (3d Cir. 1997) (habeas petition of capital prisoner should have been dismissed for lack of exhaustion as no exceptional circumstances excused nonexhaustion); <u>Doctor</u>, 96 F.3d 675 (petitioner did not exhaust state remedies because "miscarriage of justice" exception to waiver rule may permit unexhausted claims to be considered under PCRA).

> Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity for the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

<u>Rose</u>, 455 U.S. at 518. Accordingly, this Court must stay its hand and dismiss the petition without prejudice to refiling after Petitioner has exhausted his potential state court remedies.

### C. Time Period for Filing Federal Habeas Corpus Petitions

Finally, the Court notes that, under 28 U.S.C. § 2244(d), Petitioner's one year limitation period to file his habeas petition has not yet expired. In this regard, the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners, which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

> of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 125 S.Ct.904 (Jan. 10, 2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal in his direct appeal on November 24, 2010. Consequently, direct review of

Petitioner's conviction became "final" on or about February 22, 2011, *i.e.*, the date of the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions). Thus, Petitioner has one year from that date to file a federal habeas corpus petition challenging his conviction.

Moreover, the federal habeas limitation provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, once Petitioner files a timely PCRA petition, the federal clock stops running and does not begin to run again until the end of Petitioner's post conviction proceedings. *See* Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) (holding that Petitioner's one-year AEDPA limitations was tolled while he was pursuing his PCRA proceeding from April 26, 2005 through November 14, 2007, the date the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal). Petitioner should note that the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court **from the denial of his state post-conviction petition does not** toll the statute of limitations on filing a habeas petition. *Id*.

### D. Rules Governing Habeas Corpus Cases under Section 2254

Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 provides, in relevant part, as follows.

> . . . The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. . . . In every case a copy of the petition and any other order shall be served by certified mail on the respondent and on the attorney general of the state involved.

In the instant action, it plainly appears "from the face of the petition . . . that the petitioner is not entitled to relief in the district court . . . ." Specifically, under the authority discussed above, this Court cannot find that Petitioner has exhausted all available state remedies. Accordingly, the instant petition should be dismissed without prejudice to refiling after Petitioner has fully exhausted his state court remedies by presenting them to all levels of the Pennsylvania state courts through a post conviction proceeding.

### E. Certificate of Appealability

Section 2253 of the Habeas Corpus Statute provides the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."

In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition for failure to comply

with the exhaustion requirement was correct. Accordingly, a certificate of appealability should be denied.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed without prejudice and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

                                                  Lisa Pupo Lenihan
                                                  U. S. Magistrate Judge

June 7, 2011

cc:      James Raymond Borchert
          HU3252
          SCI-Fayette
          PO Box 9999
          LaBelle, PA 15450